IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON, WEST VIRGINIA

**FREEDA E. GIBSON**

    **Plaintiff,**

v.                                                                                      Civil Action No.   3:23-cv-00800

**VIVEKANAND S. NEGINHAL, M.D.,
ST. MARY'S MEDICAL CENTER, INC. d/b/a
SCOTT ORTHOPEDIC CENTER, INC.,
ST. MARY'S MEDICAL MANAGEMENT, LLC
d/b/a SCOTT ORTHOPEDIC CENTER, INC., AND
SCOTT ORTHOPEDIC CENTER, INC.**

    **Defendants.**

## Preface to Complaint

Pursuant to the provisions of the *West Virginia Medical Professional Liability Act*, West Virginia Code §55-7B-1 *et seq.*, the Plaintiff has served, by certified mail, a Notice of Claim and Screening Certificate of Merit upon each healthcare provider named in this Complaint. No request for pre-suit mediation has been received in response to the Notice of Claim and Screening Certificate of Merit and the time to do so has expired.

## COMPLAINT

1. At all times relevant to the Complaint, Freeda E. Gibson was a resident and citizen of the State of Kentucky.

2. At all times relevant to the Complaint, Vivekanand S. Neginhal, M.D., was a resident and citizen of Cabell County, West Virginia and provided medical care to Freeda E. Gibson within the State of West Virginia.

3. At all times relevant to the Complaint, Scott Orthopedic Center, Inc. was a West Virginia corporation with its principal place of business in Huntington, West Virginia.

4. At all times relevant to the Complaint, St. Mary's Medical Management, LLC individually and doing business as Scott Orthopedic Center, Inc. was a West Virginia LLC with its principal place of business in Cabell County, West Virginia.

5. At all times relevant to the Complaint, St. Mary's Medical Center, Inc. individually and d/b/a Scott Orthopedic Center, Inc. was a West Virginia corporation with its principal place business in Cabell County, West Virginia.

6. Jurisdiction is appropriate under 28 U.S.C. §1332 based upon diversity of citizenship as the Plaintiff and Defendants are citizens of different states and the amount in controversy is greater than $75,000.

## Facts

7. At all times relevant to the Complaint, a physician patient relationship existed between Vivekanand S. Neginhal, M.D. and Freeda E. Gibson.

8. At all times relevant to the Complaint, Vivekanand S. Neginhal, M.D. was employed by or was acting as the agent and servant of Scott Orthopedic Center, Inc. and/or St. Mary's Medical Center, Inc. individually and d/b/a Scott Orthopedic Center, Inc. and/or St. Mary's Medical Management, LLC. individually, and d/b/a Scott Orthopedic Center, Inc. and as a result, those entities are vicariously liable for any violations of the standard of care that occurred during Vivekanand S. Neginhal, M.D.'s care and treatment of Freeda E. Gibson.

9. In October 2021, Freeda Gibson came under the care of Vivekanand S. Neginhal, M.D. who began treating her for complaints of pain in her right knee.

10. Vivekanand S. Neginhal, M.D. subsequently recommended and scheduled Freeda E. Gibson for a TKR which was performed on July 11, 2022.

11. Prior to performing the TKR on July 11, 2022, Vivekanand S. Neginhal, M.D. had a duty and obligation under the standard of care to perform an appropriate preoperative work-up of Freeda E. Gibson, access her risks for the proposed procedure and take actions to mitigate those risks prior to operating.

12. Preoperatively, Freeda E. Gibson suffered from a number of conditions including uncontrolled hypertension, poor wound healing, poor nutritional status, and vascular disease of the limb that Dr. Neginhal intended to operate on.

13. In direct violation of the standard of care, Dr. Neginhal, among other things, failed to perform an appropriate preoperative work-up, failed to access Freeda E. Gibson's risks of surgery, failed to mitigate Freeda E. Gibson's risks prior to surgery, failed to obtain appropriate labs to allow Ms. Gibson's nutritional status to addressed and corrected preoperatively, failed to check and document the pulses or lack thereof in the limb that was to be operated on, failed to order appropriate vascular testing preoperatively, failed to assure that the vascular procedures that were performed on Ms. Gibson postoperatively actually took place preoperatively, and failed to verify that the cause of her pain was her right knee versus her hip.

14. As a result of his failure to work-up and properly treat Freeda E. Gibson preoperatively, Freeda E. Gibson was not an appropriate candidate for the procedure

that was performed by Dr. Neginhal on her on July 11, 2022 and Dr. Neginhal violated the standard of care by performing a TKR on that date.

15. Subsequent to her surgery on July 11, 2022, Freeda E. Gibson's surgical site became infected, she was found to have infected hardware in her right leg, she developed an open wound of her right knee and infection associated with her prosthesis, an ischemic foot, and iliac artery stenosis. This ultimately required the removal of the implanted hardware and because of lack of pulses in her previously operated on leg, she was consulted for possible above the knee amputation which was ultimately performed.

16. Vivekanand S. Neginhal, M.D. violated the standard of care by, among other things, failing to timely diagnose, address, and treat the infection that Freeda E. Gibson developed in the knee that was replaced by Dr. Neginhal.

17. The above actions by Vivekanand S. Neginhal, M.D. individually and collectively proximately caused or contributed to cause and/or were a substantial factor in Freeda E. Gibson suffering a stroke during one Dr. Neginhal's operative procedures and led to the amputation of her right leg.

18. Vivekanand S. Neginhal, M.D. failed to treat Freeda E. Gibson in the same manner that a reasonably prudent physician would have under like or similar circumstances, which failures proximately caused or contributed to cause and/or were a substantial factor in causing the stroke that Freeda E. Gibson suffered as well as the ultimate amputation of her right leg.

19. If Vivekanand S. Neginhal, M.D. had complied with the applicable standard of care, Freeda E. Gibson would have had a greater than 25% chance or

opportunity of an approved outcome including not suffering the stroke that occurred and the ultimate amputation of her right leg.

20.     As a direct and proximate result of the negligence of Vivekanand S. Neginhal, M.D., Freeda E. Gibson has and will experience past and future pain and suffering, past and future mental anguish, past and future annoyance, aggravation and inconvenience, past and future medical expenses, future lifecare costs, and loss of enjoyment of life along with permanent disfigurement associated with the amputation of right leg.

21.     The actions of Vivekanand S. Neginhal, M.D. were so egregious and reckless that they constitute conduct for which punitive damages may be awarded under applicable West Virginia law.

22.     The actions by and the allegations against Vivekanand S. Neginhal, M.D. in this Complaint constitute willful, wanton, intentional or reckless misconduct on his behalf permitting an award of punitive damages.

23.     WHEREFORE, Plaintiff demands judgment against the Defendants for all damages permitted under West Virginia law including all economic and non-economic losses, all compensatory damages, punitive damages, and any other damages permitted in West Virginia.  Plaintiff further demand judgment against Scott Orthopedic Center, Inc. and/or St. Mary's Medical Center, Inc. individually and d/b/a Scott Orthopedic Center, Inc. and/or St. Mary's Medical Management, LLC individually and/or d/b/a Scott Orthopedic Center, Inc. due to their vicarious liability for actions of their agent, servant, or employee Vivekanand S. Neginhal, M.D.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**Freeda E. Gibson,**
By Counsel.

_____
Arden J. Curry, II (W.Va. Bar No. 907)
Pauley Curry, PLLC
100 Kanawha Blvd., West
Charleston, WV 25302
(304) 342-6000 Phone
(304) 342-6007 Fax